IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHER DIVISION

RICHMOND BISHOP
ADC #650733                   PLAINTIFF

v.        No. 1:15-cv-20-DPM-JTR

STEVEN JEFFERIES, Sheriff, Independence
County Sheriff's Department; SISSY WILSON,
Assistant Jail Administrator, Independence
County Jail; LYNN CROSLIN, Sergeant,
Independence County Jail; and ZACH BAILEY,
Baliff/Jailer, Independence County Jail         DEFENDANTS

## ORDER

1. Bishop has filed this *pro se* § 1983 action alleging that defendants violated his constitutional rights at the Independence County Jail. № 2, 5 & 9. The Court must screen Bishop's complaint. 28 U.S.C. § 1915A.

2. Bishop's vague and conclusory allegations of inadequate medical care are dismissed without prejudice because he has not explained what type of medical care he needs or who failed to provide him with that care. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3. Bishop's access-to-the-courts claim is dismissed without prejudice because he has not suffered an actual injury as a result of being denied access to a law library. *Hartsfield v. Nichols*, 511 F.3d 826, 831-32 (8th Cir. 2008).

**4.** Bishop's claim that defendants are not properly responding to his grievances is dismissed without prejudice. Prisoners do not have a constitutional right to a prison grievance procedure. *Lomholt v. Holder*, 287 F.3d 683, 684 (8th Cir. 2002) (*per curiam*).

**5.** Bishop's claims that defendants provided him with dirty matts, interfered with his legal mail, retaliated against him for filing this lawsuit, and otherwise violated his constitutional rights *after* he commenced this action on 5 February 2015 are dismissed without prejudice. Bishop must raise those claims in another lawsuit, after he has properly exhausted or attempted to exhaust his administrative remedies within the Independence County Jail. 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).

**6.** Bishop has pleaded a plausible § 1983 claim that Croslin, Bailey, and Wilson failed to protect him from being attacked by his cell mate on 15 January 2015. Bishop does not suggest that the attack was caused by an Independence County policy, practice, or custom. He therefore may proceed with his failure-to-protect claim against Croslin, Bailey, and Wilson in their individual capacities only. All official capacity claims are dismissed without prejudice. *Szabla v. City of Brooklyn Park, Minnesota*, 486 F.3d 385, 390–91 (8th

Cir. 2007).

7. Because there is no vicarious liability in § 1983 actions, a prisoner must allege that each defendant "through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001. Bishop has not pleaded any facts suggesting that Sheriff Jefferies was personally involved in the alleged failure to protect him from the January 2015 attack. Sheriff Jefferies is therefore dismissed as a defendant without prejudice.

8. The Clerk is directed to prepare a summons for Wilson, Croslin, and Bailey. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, second amended complaint, and this Order on them without prepayment of fees and costs or security therefor. If any of the defendants are no longer county employees, the individual responding to service must file the unserved defendant's last known private mailing address **under seal**.

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

20 April 2015