IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

RICHMOND BISHOP                                                           PLAINTIFF

V.                                    Case No. 1:15CV00020 DPM/BD

STEVEN JEFFERIES, et al.                                              DEFENDANTS

## RECOMMENDED DISPOSITION

**I.   Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge D.P. Marshall Jr.  Any party to this suit may file written objections with the Clerk of Court within fourteen (14) days of filing of the Recommendation.  Objections must be specific and must include the factual or legal basis for the objection.

By not objecting, any right to appeal questions of fact may be jeopardized.  And, if no objections are filed, Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.  Background:**

Plaintiff Richmond Bishop, formerly a pretrial detainee at the Independence County Jail ("County Jail"), filed this lawsuit *pro se* under 42 U.S.C. § 1983, alleging that Defendants failed to protect him from an attack by his cell mate on January 15, 2015.[1] (Docket entries #2, #5)

---

[1] Mr. Bishop's claims against all defendants in their official capacities as well as his claims against Sheriff Jefferies were dismissed on April 20, 2015.  (#12)

Defendants have moved for summary judgment on all claims. (#29) Mr. Bishop has not responded to the motion, and the time for doing so has passed. The motion is ripe for decision.

For reasons set forth below, the Defendants' motion for summary judgment (#29) should be GRANTED. Mr. Bishop's claims should be DISMISSED, with prejudice.

**III.** **Discussion:**

    A.    Standard

Summary judgment means that the court rules in favor of a party without the need for a trial. A moving party is entitled to summary judgment if the evidence, viewed in the light most favorable to the party on the other side of the lawsuit, shows that there is no genuine dispute as to any fact that is important to the outcome of the case. FED.R.CIV.P. 56; *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23, 106 S.Ct. 2548 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 246, 106 S.Ct. 2505 (1986).

Here, Defendants Bailey, Croslin, and Wilson have moved for summary judgment, so they must produce evidence showing that there is no real dispute about any fact that is important enough to make a difference in how the case is decided. If they meet this burden, Mr. Bishop must respond by producing evidence that contradicts Defendants' evidence. *Torgerson v. City of Rochester,* 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc).

Mr. Bishop has not responded to the Defendants' motion or to their Statement of Undisputed Facts (#31), so the Court will assume that the Defendants' version of the incident is accurate.

B.   Factual Background

On January 15, 2015, Defendant Wilson ordered inmate Darrell Tate to be moved into Mr. Bishop's cell. (#31)  There was no record of any problems between Mr. Bishop and Mr. Tate. (#31)  When Defendants Bailey and Croslin began to move Mr. Tate into Mr. Bishop's cell, Mr. Tate screamed that he had issues with Mr. Bishop and that there would be a fight if they were put into a cell together. (#2)  After Mr. Tate was placed into the cell with Mr. Bishop, Mr. Tate punched Mr. Bishop in the face. (#2)

C.   Qualified Immunity and Failure to Protect

Qualified immunity shields a defendant from liability when, "the facts alleged or shown, construed in the light most favorable to [Mr. Bishop], establish the violation of a constitutional or statutory right," but only if "that constitutional right was clearly established as of [the time of the relevant conduct], such that a reasonable official would have know that [his or her] actions were unlawful."  *Scott v. Benson*, 742 F.3d 335, 339 (8th Cir. 2014)(quoting *Krout v. Goemner*, 583 F.3d 557, 564 (8th Cir. 2009).

An assault by a fellow inmate or detainee is not "part of the penalty that criminal offenders pay for their offenses."  *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).  That said, prison officials do not commit a constitutional violation every time one prisoner

3

attacks another. *Young v. Selk*, 508 F.3d 868, 871 (8th Cir. 2007); *Blades v. Schuetzle*, 302 F.3d 801, 803-04 (8th Cir. 2002). Thus, to prevail on a failure-to-protect claim, a prisoner must prove that there was a substantial risk of serious harm and that the Defendants knew of, but disregarded, that substantial risk of serious harm.[2] *Young v. Selk*, 508 F.3d 868, 872 (8th Cir. 2007); *Lenz v. Wade*, 490 F.3d 991, 995-996 (8th Cir. 2007); *Johnson v. Hamilton*, 452 F.3d 967, 973 (8th Cir. 2006).

    1.    Defendant Wilson

The undisputed facts show that Defendant Wilson was not present when Mr. Tate was moved between cells. (#31) She did not hear the threats Mr. Tate made and had no prior knowledge of any risk of harm that Mr. Tate posed to Mr. Bishop. Accordingly, the failure-to-protect claim against Defendant Wilson is without basis. Defendant Wilson should be granted summary judgment, and the claim against her should be dismissed.

    2.    Defendants Croslin and Bailey

By contrast, Defendants Croslin and Bailey did hear Mr. Tate scream that there would be a fight if he were placed in Mr. Bishop's cell. Should Defendants Croslin and Bailey have known of the risk Mr. Tate posed to Mr. Bishop based on Mr. Tate's

---

[2] The Fourteenth Amendment applies to a failure to protect claim brought by a pretrial detainee, while the Eighth Amendment applies to a failure to protect claim brought by a convicted prisoner. However, the Eighth Circuit has held that the deliberate indifference standard applies to a failure to protect claim brought under either the Fourteenth or Eighth Amendment. *Holden v. Hirner*, 663 F.3d 336 (8th Cir. 2011); *Schoelch v. Mitchell*, 615 F.3d 1041, 1046 (8th Cir. 2010).

proclamation? According to Defendants Croslin and Bailey, they both believed that Mr. Tate was simply complaining about having to move to another cell, and neither of them thought that Mr. Tate would attack Mr. Bishop. (#31, Ex. 3 and 4.) Furthermore, when Mr. Tate was placed in Mr. Bishop's cell, Mr. Bishop did not complain or tell Defendants Croslin and Bailey of any problems that he had with Mr. Tate. Rather, it was Mr. Tate – the attacker – who objected to placement in the cell with Mr. Bishop.

Not every threat made by an inmate towards another inmate amounts to a substantial risk of serious harm. *Prater v. Dahm*, 89 F.3d 538, 541 (8th Cir. 1996) (acknowledging that "threats between inmates are common"); *Blades v. Schuetzle*, 302 F.3d 801 (8th Cir. 2002) (explaining that "threats between inmates are common and do not, in every circumstance, serve to impute actual knowledge of a substantial risk of harm"). Defendants Croslin and Bailey's belief that Mr. Tate's comments were mere idle complaining might have been negligent, but their conduct does not amount to a constitutional violation. See *Pagels v. Morrison*, 335 F.3d 736, 740 (8th Cir. 2003) (concluding that negligence, an even gross negligence, are insufficient to establish a failure to protect claim); *Tucker v. Evans*, 276 F.3d 999, 1002 (8th Cir. 2002) (explaining that "even gross negligence" is insufficient to establish a failure to protect claim); *Holden,* 663 F.3d at 341 (explaining, in a failure to protect case, that "deliberate indifference includes something more than negligence . . . it requires proof of a reckless disregard of the known risk"); *see also Farmer v. Brennan*, 511 U.S. 825, 838

(1994)(explaining that a prison official's failure to alleviate a risk that he should have perceived, but did not, is insufficient to sustain a failure-to-protect claim).

Based on the undisputed facts surrounding the incident, Defendants Croslin and Bailey should be granted summary judgment, and Mr. Bishop's claims against them should be dismissed.

## IV.  Conclusion:

Mr. Bishop has not come forward with evidence to show that there is a real dispute about facts important to the outcome of the case.  *Celotex Corp.,* 447 U.S. at 322–23, 106 S.Ct. at 2552.  Based on the undisputed facts in the record, this Court recommends that Judge Marshall GRANT the Defendants' motion for summary judgment (#30) and dismiss Mr. Bishop's claims.

DATED this 18th day of February, 2016.

_____
UNITED STATES MAGISTRATE JUDGE